UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KURTIS FAISON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-481 (BAH) |
| D.C. DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Kurtis Faison commenced this action against the "Medical Unit Staffers" of the D.C. Department of Corrections, alleging that a nurse committed malpractice by administering an unnecessary injection to him.[1] Compl. for Violation of Civil Rights at 5, ECF No. 1.  The Defendant D.C. Department of Corrections moved to dismiss this case under Rule 12(b)(6),or for summary judgment under Rule 56, of the Federal Rules of Civil Procedure.  *See* Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 10.  The Court ordered Plaintiff to respond to this Defendant's motion on or before August 12, 2011 and warned Plaintiff that failure to timely respond could result in Defendant's motion being granted as conceded.  Order, ECF No. 12.  To date, Plaintiff has not filed any response.

Defendant Unity Health Care, Inc., which claims that it was "misidentified by plaintiff as D.C. Department of Corrections Medical Unit Staffers," also moved to dismiss this case under Rule 12(b)(1) and(b)(5) of the Federal Rules of Civil Procedure.  Def. Unity Health Care, Inc.'s Mot. to Dismiss, at 1, ECF No. 13.  The Court ordered Plaintiff to respond to this Defendant's motion on or before August 26, 2011 and warned Plaintiff that failure to timely respond could

---

[1] The plaintiff states "mourpractis," which the Court understands to mean "malpractice."

result in Defendant's motion being granted as conceded. Order, ECF No. 14. To date, Plaintiff has not filed any response.

Local Rule 7(b) states: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." The purpose of this rule is to "is to assist the district court in maintaining docket control and deciding motions . . . efficiently and effectively." *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (discussing prior Local Rule 108(b)). "The Court need not provide notice before enforcing the rule or offer a party an opportunity to explain its failure to comply." *Vemuri v. Napolitano*, No. 10-cv-199, 2011 WL 1031344 at *1 (D.D. C. 2011) (citing *Fox v. Am. Airlines,* 389 F.3d 1291, 1295 (D.C. Cir. 2004)). The "discretion to enforce this rule lies wholly with the district court." *Bender*, 127 F.3d at 68. The D.C. Circuit reviews the court's decision to apply Local Rule 7(b) for abuse of discretion, *id.* at 67, and "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit] honor[s] its enforcement of the rule." *Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C. Cir. 1997). A Plaintiff's "*pro se* status does not relieve him of his obligation to comply with . . . the local rules of this Court." *Slovinec v. Am. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007).

In view of the Plaintiff's failure to respond to the pending motions, in a separate order to issue this date, the Court will therefore grant as conceded the motion to dismiss filed by the D.C. Department of Corrections and dismiss this case against the D.C. Department of Corrections; the Court will not, however, enter summary judgment in favor of this Defendant. In addition, in a

separate order to issue this date, the Court will grant as conceded the motion to dismiss filed by Unity Health Care, Inc. and dismiss this case against Unity Health Care, Inc.

Date: September 8, 2011                                          /s/ *Beryl A. Howell*
                                                                        BERYL A. HOWELL
                                                                       United States District Judge